NUNNELY et al v. FIRST FEDERAL BUILDING
& LOAN ASS'N et al.

No. 6657.  Decided May 18, 1945.  (159 P. 2d 141.)

For former opinion, see 107 Utah 347, 154 P. 2d 620.

*E. A. Walton, Parnell Black,* and *R. Leslie Hedrick,* all of Salt Lake City, for appellants.

*Farnsworth & Van Cott* and *E. C. Willey,* all of Salt Lake City, *Stuart P. Dobbs,* of Ogden, and *Stephens, Brayton & Lowe,* of Salt Lake City, for respondents.

WOLFE, Justice.

On petition for rehearing the petitioner attempts to enlarge the holding of our prior opinion under the guise of asking for interpretation. So that the opinion will not be misconstrued, we note the following:

The petitioner contends that since the court of equity has now properly taken jurisdiction it should retain jurisdiction for all purposes. The argument is that even the individual claims of fraud should be determined in this suit. Whether or not a court of equity, once having taken jurisdiction, will hold jurisdiction to determine all the questions raised, is a matter of discretion. Our holding in this case is that if no fund is impounded it would be an abuse of discretion for the court of equity to retain jurisdiction to determine the separate claims for damages of any of the parties.

The argument is made that since one of the defendants is a federal corporation the state court may have no jurisdiction to order a receiver of said corporation. From this the petitioner contends that it may not be possible to get a receiver and that the court should nevertheless be allowed to proceed. Our holding is that the court may act as its own receiver if in its discretion it desires to do so, but only if the plaintiffs show grounds for the impounding of a fund and distribution of the same. If a fund is impounded and a receiver is appointed, receivership mechanism can be used to distribute the fund. If a fund is impounded but no receiver is appointed, then the court must in the exercise of its equitable powers determine the mechanism for distributing the impounded fund. But no one person can be allowed to represent any other person, for no one is representative of any other one. Having impounded the fund the court, after making each claimant intervene and assert his own claim, may then determine in the exercise of its equitable powers whether groups may be tried together or whether each claim must be tried separately. But in no event may one person purport to represent any other person and in no event may the suit proceed jointly unless a fund is impounded by the court. The primary thing that brings these plaintiffs properly together is a common interest in the distribution of a fund. Because of the complicated nature of the individual claims, the court would abuse its discretion if it retained

jurisdiction over this cause after it was made to appear that no fund would be created and that the common tie did not, in fact, exist.

The petition for rehearing is denied.

LARSON, C. J., and McDONOUGH, TURNER, and WADE, JJ., concur.